| | | |
|---|---|---|
| **TRINIDAD DELGADILLO AND ELSA DELGADILLO** | § | |
| | § | |
| | § | |
| **plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case 4:23-cv-1467** |
| **BANK OF AMERICA, N.A. AND CARRINGTON MORTGAGE SERVICES, LLC** | § | |
| | § | |
| | § | |
| | § | |
| **defendant.** | § | |

### BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY

Date: September 25, 2023

Respectfully submitted,

*/s/ C. Charles Townsend*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
 *--Attorney in Charge*
Jessica A. Riley
SBN: 24102416, FBN: 3552754
jriley@hinshawlaw.com
HINSHAW & CULBERTSON, LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
telephone: 945-229-6380
facsimile: 312-704-3001

**ATTORNEYS FOR BANK OF AMERICA, N.A., AND CARRINGTON MORTGAGE SERVICES, LLC**

# TABLE OF CONTENTS

KEY FACTS AND PROCEDURAL HISTORY ........................................................................... 1

ISSUE BEFORE THE COURT ............................................................................................. 4

ARGUMENT AND AUTHORITIES ...................................................................................... 4

  A.  Relevant legal standards ........................................................................................ 4

  B.  The Delgadillos did not meet the good cause standard required by rule 16(b)(4) ............... 6

    1.  No good cause for failing to join an additional party by August 18, 2023 ..................... 7

    2.  No good cause for failing to amend the petition by August 18, 2023 ............................ 8

  C.  The Delgadillos cannot plausibly allege a violation of Tex. Gov't Code §83.001 .............. 10

    1.  The notice of sale is not a legal instrument affecting title to real property ................... 11

    2.  The Delgadillos do not have standing to bring a § 83.001 claim ................................ 12

  D.  The Delgadillos' promissory estoppel claim would fail as a matter of law ......................... 13

  E.  The Delgadillos would fail to plead a viable breach of contract claim. ............................. 15

  F.  The Delgadillos' RESPA claim would fail as a matter of law. ........................................... 16

CONCLUSION AND PRAYER ............................................................................................. 17

**BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING**          **Page i**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY**
Case 4:23-cv-1467; *Trinidad Delgadillo et al. v. Bank of America, N.A. et al.*

# TABLE OF AUTHORITIES

**Cases**

*Architettura, Inc. v. DSGN Assocs.*,
   Civil Action No. 3:16-CV-3021-D, 2017 U.S. Dist. LEXIS 122272 (N.D. Tex.
   2017) .................................................................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 562 U.S. 662, 698-79 (2009) ...................................................................6

*Bell Atl. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................6

*Beta Drilling, Inc. v. Durkee*,
   821 S.W.2d 739 (Tex. App.—Houston [14th Dist.] 1992, writ denied)................14

*Cinel v. Connick*,
   15 F3d 1338 (5th Cir. 1994) ....................................................................................2

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ...................................................................................2

*Conn Credit I, L.P. v. TF Loan Co III, L.L.C.*,
   903 F.3d 493 (5th Cir. 2018) .................................................................................15

*Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*,
   2009 U.S. Dist. LEXIS 9064 (N.D. Tex. Feb. 9, 2009)...........................................6

*English v. Fischer*,
   660 S.W.2d 521 (Tex. 1983)..................................................................................14

*Exxon Corp. v. Breezevale Ltd.*,
   82 S.W.3d 429 (Tex. App.—Dallas 2002, pet. denied)..........................................14

*Foman v. Davis*,
   371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)...............................................5

*Gordon v. JP Morgan Chase Bank*,
   505 F. App'x 361 (5th Cir. 2013) (per curiam).....................................................13

*Lovelace v. Software Spectrum inc.*,
   78 F.3d 1015 (5th Cir. 1996) ...................................................................................2

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992)....................................12

*Martins v. BAC Home Loans Servicing, L.P.*,
  722 F.3d 249 (5th Cir. 2013) ...................................................................14

*McGee v. Citi Mortg., Inc.*,
  680 F. App'x 287 (5th Cir. 2017)...........................................................5, 10

*Nagle v. Nagle*,
  633 S.W.2d 796 (Tex. 1982).....................................................................14

*Nat'l Liab. & Fire Ins. Co. v. Allen*,
  15 S.W.3d 525 (Tex. 2000).......................................................................11

*Nunn v. State Farm Mut. Auto. Ins. Co.*,
  2011 U.S. Dist. LEXIS 7537 (N.D. Tex. Jan. 26, 2011) ..........................6

*Old Am. Cty. Mut. Fire Ins. Co. v. Sanchez*,
  149 S.W.3d 111 (Tex. 2004)......................................................................11

*Reliable Consultants, Inc. v. Earle*,
  517 F.3d 738 (5th Cir. 2008) ......................................................................6

*Reliance Ins. Co. v. La. Land & Expl. Co.*,
  110 F.3d 253 (5th Cir. 1997) ......................................................................6

*Rosenzweig v. Azurix Corp.*,
  332 F.3d 854 (5th Cir. 2003) ......................................................................5

*Ruiz v. Univ. of Tex. M.D. Anderson Ctr.*,
  291 F.R.D. 170 (S.D.Tex. 2013).................................................................8

*S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
  315 F.3d 533 (5th Cir. 2003) ...........................................................4, 5, 6, 8

*Scanlan v. Tex. A&M Univ.*,
  343 F.3d 533 (5th Cir. 2003) ......................................................................2

*Schiller v. Physicians Res. Grp. Inc.*,
  342 F.3d 563 (5th Cir. 2003) ......................................................................5

*Smith v. EMC Corp.*,
  393 F.3d 590 (5th Cir. 2004) ......................................................................5

*Smith v. JPMorgan Chase Bank, N.A.*,
  519 F. App'x 861 (5th Cir. 2013)..........................................................15, 16

*Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*,
  88 F.3d 311 (5th Cir. 1996) ........................................................................5

*Taylor v. Brooks A Millon, Inc.*,
   296 F.3d 376 (5th Cir. 2002) ..................................................................................6

*Trammell Crow Co. No. 60 v. Harkinson*,
   944 S.W.2d 631 (Tex. 1997) ................................................................................13

*Ward v. Carrington Mortg. Servs. LLC*,
   No. 3:19-CV-2862-M-BK, 2021 U.S. Dist. LEXIS 44521 (N.D. Tex. 2021).........16

*Watson v. Citimortgage, Inc.*,
   814 F. Supp. 2d 726 (E.D. Tex. 2011) ...................................................................13

## Statutes

12 U.S.C. § 2601 *et seq.*...........................................................................................16

Tex. Gov't Code § 83.001(a)..........................................................................10, 11, 12

Texas Business and Commerce Code § 26.02(b) .........................................................13

Texas Debt Collection Act...........................................................................................2

Texas Government Code § 83.001................................................................3, 10, 11, 12

Texas Government Code § 83.005................................................................................11,12

## Other Authorities

12 C.F.R. § 1024.41 .............................................................................................3, 16

Fed. R. Civ. P. 12(b)(6) ....................................................................................5, 6, 10

Fed. R. Civ. P. 15 ...................................................................................................5

Fed. R. Civ. P. 15(a)(2) .............................................................................................5

Fed. R. Civ. P.. 16(b)(1) ............................................................................................2

Fed. R. Civ. P. 16(b)(3)(A) .......................................................................................4

Fed. R. Civ. P. 16(b)(4) .....................................................................................4, 5, 6, 7

Bank of America, N.A. (**BofA**) and Carrington Mortgage Services, LLC, ask the court to deny the Delgadillos' motion for leave to file their first amended complaint and join an additional party (ECF No. 12) for failure to show good cause and futility. Despite losing title to the property at a December 6, 2022 foreclosure sale, the Delgadillos continue to occupy the property, using this lawsuit as a shield to protect their possession.[1] Once Carrington demonstrated it would be able to refute plaintiffs' original allegations—having disclosed evidence it modified the loan in July 2020 and provided full Covid-19 forbearance relief—the Delgadillos now attempt to keep their lawsuit afloat (and the eviction abated) by alleging completely new and unfounded causes of action. The Delgadillos should not be able to use this action to continue to avoid liability under the loan agreement and the reality of a valid foreclosure sale. Additionally, since the Delgadillos admit their prior claims have no merit the court should deny the motion for leave to amend and join a new party and dismiss the original petition with prejudice.

## KEY FACTS AND PROCEDURAL HISTORY

On November 21, 2006, the Delgadillos took out a $143,801 loan to purchase 3131 Dogwood Springs Dr., Houston Texas 77073, granting a deed of trust to secure repayment. The Delgadillos modified the loan multiple times over the years with the last implemented modification dated July 20, 2020 and was recorded in the Harris County real property records on September 25, 2020 as document number RP-2020-454782. (Proposed am. pet., ECF No. 12-1 at ex. 3.) The Delgadillos admit Mr. Delgadillo lost his job and they were put on the maximum amount of Covid-19 forbearance assistance until September 30, 2021. (*Id*. at ¶12.) Eight months after a failed loan modification, foreclosure occurred on December 6, 2022.

---

[1] Shortly after filing their motion for leave to amend, the eviction court instructed the Delgadillos and BofA to agree to stay the eviction pending a final judgment in this matter. (Rule 11 Agreement, ex. 1.)

On February 21, 2023, BofA sued to evict the Delgadillos in justice court precinct 4-1 in Harris County, Texas under cause number 234100080644. On March 16, 2023, three months after the foreclosure sale, the Delgadillos filed suit alleging breach of contract and violations of the Texas Debt Collection Act based on allegations Carrington and BofA accelerated and foreclosed the loan instead of granting the Delgadillos sufficient Covid-19 forbearance. (ECF No. 1-2.) On March 21, 2023, the justice court granted BofA judgment for possession. (Judgment, ex. 2.) On April 10, 2023, the Delgadillos appealed the judgment of possession de novo to the county court at law under cause number 1202595. (Case 1202595 docket, ex. 3.)[2]

On April 20, 2023, Carrington and BofA answered the Delgadillo's lawsuit in state court and removed the suit to this court. (ECF No. 1.) The parties submitted their joint case management plan on June 28, 2023, wherein they conferenced and agreed that the reasonable deadline to add parties would be August 18, 2023. (JCMP, ECF No. 8.) On July 13, 2023, this court entered a scheduling order pursuant to rule 16(b)(1) setting an amended pleadings and joinder of parties deadline for August 18, 2023. (Order, ECF No. 10.)

On July 27, 2023, Carrington and BofA timely provided their initial disclosures to the Delgadillos, which demonstrated Carrington fully complied with the Covid-19 forbearance requirements. Instead of dismissing the suit, which the Delgadillos admit the "original theories of recovery no longer apply," they now try to bring an entirely new set of unsubstantiated claims of alleged wrongdoing. (Mot., ECF No. 12 at p. 2.) Notably the Delgadillos argued in the eviction

---

[2] Carrington and BofA request the court take judicial notice of the filings in the eviction matter. A court may consider not only the allegations in the complaint, but any documents incorporated in the pleading and all matters of which judicial notice may be taken. *Lovelace v. Software Spectrum inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996). Documents attached or referred to in the complaint and central to the action are considered "incorporated in the pleading." *Scanlan v. Tex. A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-90 (5th Cir. 2000) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim.") In addition, "a court may permissibly refer to matters of public record." *Cinel v. Connick,* 15 F3d 1338, 1343 n.6 (5th Cir. 1994).

**BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING**           **Page 2 of 17**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY**
Case 4:23-cv-1467; *Trinidad Delgadillo et al. v. Bank of America, N.A. et al.*

suit that their causes of action in this case denied the county court at law jurisdiction because granting BofA possession would validate the foreclosure sale. (June 6, 2023 plea, ex. 4.) On July 18, 2023, the county court at law granted the Delgadillos' plea to the jurisdiction and dismissed the eviction suit. (Case 1202595 docket, ex. 3.) On August 4, 2023, BofA filed a motion to reconsider the court's ruling. (Mot. reconsider, ex. 5.)

With the eviction suit proceeding and their original claims disproven, the Delgadillos searched for a way to keep this lawsuit alive and the eviction court convinced that the allegations here affected the validity of the foreclosure sale. To preserve their basis to challenge the eviction, the Delgadillos filed their motion for leave to amend and join parties on September 5, 2023, after the agreed upon and scheduled deadline had expired but before the eviction court heard on BofA's motion to reconsider the dismissal of the eviction action. (Mot., ECF No. 12; Notice of hearing, ex. 6.) The Delgadillos abandon all prior causes of action and now allege:

> (1) Carrington Foreclosure Services, LLC engaged in the unauthorized practice of law by preparing the notice of sale and substitute trustee's deed in violation of Texas Government Code § 83.001;

> (2) Promissory estoppel against Carrington for the reliance the Delgadillos had on a March 2022 loan modification;

> (3) BofA, through Carrington, as its agent, breached the deed of trust for violating 12 C.F.R. § 1024.41 by not immediately resuming reasonable due diligence efforts to complete the Delgadillos' loss mitigation application started in early 2022;

> (4) The Delgadillos alternatively allege, instead of promissory estoppel and breach of contract, Carrington violated RESPA by removing the Delgadillos' application from their mortgage assistance process.

(Proposed am. pet., ECF No. 12-1.) The Delgadillos were able to successfully leverage this motion and the proposed amended petition in the eviction matter as the county court ordered the parties enter into an abatement until this suit was resolved. (Rule 11 Agreement, ex. 1.)

However, while they were able to bide their time in the eviction matter, they should not succeed in this court as they have wholly failed to establish why they did not adhere to the amended pleadings/additional parties deadline. And, even if good cause is established, these new claims are without merit and allowing them to amend their petition is an exercise in futility as the amended petition fails to state any claim on which relief can be granted.

## ISSUE BEFORE THE COURT

<u>Issue 1:</u> Should the court deny the Delgadillos' motion for leave to file their first amended petition and join Carrington Foreclosure Services, LLC as a defendant after the deadline set in the scheduling order?

<u>Answer:</u> Yes, the court should deny the Delgadillos' motion for leave because the deadline to join additional parties and file amended pleadings was August 18, 2023, they fail to establish good cause for why they did not adhere to the scheduling order, and even if good cause is established the proposed amendment would be futile.

## ARGUMENT AND AUTHORITIES

### A. Relevant legal standards

When a motion for leave to amend the pleadings and join parties is filed after the deadline to amend and join parties has expired, the court must first determine whether to modify the scheduling order under the good cause standard of rule 16(b)(4) to extend the deadlines. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(3)(A) provides that the court's "scheduling order must limit the time to join other parties,

amend the pleadings, complete discovery, and file motions." Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." To meet the good cause standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S & W Enters*., 315 F.3d at 535.

Only if the movant first satisfies the requirements of rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Although rule 15 indicates "a bias in favor of granting leave to amend, it is not automatic." *Southmark Corp. v. Schulte Roth & Zabel* (*In re Southmark Corp.*), 88 F.3d 311, 314 (5th Cir. 1996) (quotation marks and citations omitted). This "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). A district court must have a "substantial reason" to deny leave, but the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations omitted). In applying its discretion, the court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of the amendment." *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (alterations incorporated) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Absent one of these factors, leave should be freely given. *Id.* (citing *Foman,* 371 U.S. at 182).

If good cause is established and leave to amend is sought before discovery is complete and neither party has moved for summary judgment, an amendment to a complaint is deemed futile if it would not withstand the criteria of rule 12(b)(6). *See McGee v. Citi Mortg., Inc.,* 680 F. App'x

287, 291 (5th Cir. 2017). Rule 12(b)(6) authorizes dismissal of a complaint for failing "to state a claim upon which relief can be granted." The court must accept all well-pleaded facts as true and view them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 (5th Cir. 2008). The plaintiff must plead facts, not conclusory allegations or legal conclusions masquerading as factual conclusions, and those facts "must be enough to raise a right to relief above the speculative level." *Bell Atl. v. Twombly,* 550 U.S. 544, 555-56 (2007); *Taylor v. Brooks A Millon, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002). A formulaic recitation of the elements or an "unadorned, the-defendant unlawfully-harmed-me accusation" are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 562 U.S. 662, 698-79 (2009).

## B.    The Delgadillos did not meet the good cause standard required by rule 16(b)(4)

The court should deny the motion because the Delgadillos do not meet the good cause standard. The court assesses four factors when deciding whether to grant a motion for leave to amend or join parties under rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters*., 315 F.3d at 536 (internal quotation marks and brackets omitted) (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc*., 2009 U.S. Dist. LEXIS 9064, at *1 (N.D. Tex. Feb. 9, 2009). Mere inadvertence on the part of the movant is insufficient to constitute "good cause." *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 7537, at *2 (N.D. Tex. Jan. 26, 2011). Instead, the movant must show that, despite its diligence, it could not have reasonably met the scheduling deadline. *See Exxon Mobil Corp.*, 837 F. App'x 263, 266 (5th Cir. 2020).

## 1. No good cause for failing to join an additional party by August 18, 2023

The Delgadillos were required under the scheduling order to join Carrington Foreclosure Services, LLC (**CFS**) as a party no later than August 18, 2023. (Order, ECF No. 10.) Accordingly, to the extent the Delgadillos seek to add a party through the filing of an amended complaint, the joinder is untimely because it was filed on September 5, 2023. This means that before the court can consider the merits of the Delgadillos' request to join CFS, the Delgadillos must satisfy the good cause standard of rule 16(b)(4) for modifying the scheduling order to allow the joinder of an additional party.

The Delgadillos' motion does not explain why they could not timely meet the agreed upon and scheduled deadlines. (*See generally,* Mot., ECF No. 12 at p. 2.) They do not provide any reason why despite diligence they could not add CFS prior to the deadline. (*Id.*) The cause of action against CFS involves a notice of sale dated September 22, 2022 and a substitute trustee's deed dated December 7, 2022. (Proposed am. pet., ECF No. 12-1 at ex. 5-6.) Both of which existed at the time of original complaint and were in the Delgadillos' possession since before the lawsuit was filed. (*Id.*) The Delgadillos fail to address what led to the late filing and their lack of diligence especially when the deadline at issue was discussed and agreed upon at the June 28, 2023 conference between the parties. (JCMP, ECF No. 8.)

The second factor is the importance of the requested relief. The Delgadillos assert CFS is a necessary party because they want to amend their petition to bring a separate state law cause of action against CFS for violating a section of the Texas Government Code. (Mot., ECF No. 12 at p. 3.) However none of the remaining amended three causes of action would require CFS to be a party and the Delgadillos offer no explanation why it will not be able to fully recover damages it seeks against Carrington and BofA without joining CFS. *See Architettura, Inc. v. DSGN Assocs.,*

BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING      Page 7 of 17
PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY
Case 4:23-cv-1467; *Trinidad Delgadillo et al. v. Bank of America, N.A. et al.*

Civil Action No. 3:16-CV-3021-D, 2017 U.S. Dist. LEXIS 122272, at *10 (N.D. Tex. 2017) (finding factor weighed against granting leave when plaintiff offers no explanation for why it will not be able to fully recover the damages it seeks (and thus be made whole) by suing only original defendant.)). Accordingly, this factor weighs against granting leave. The Delgadillos were aware, or through the exercise of due diligence should have been aware, of CFS's role in the foreclosure months prior to the expiration of the joinder deadline.

The third and fourth factors relate to prejudice and availability of a continuance to cure such prejudice, which the Delgadillos argue are not at issue since trial is not set until December 9, 2024. (Mot., ECF No. 12 at pp. 2-3.) Courts are afforded "broad discretion to preserve the integrity of purpose of [their] pretrial order[s]." *S&W Enters.,* 315 F.3d at 535. The purpose of the scheduling order was to limit the time for discovery and filing of dispositive motions to resolve this case. The Delgadillos seek to bring a completely new and unrelated state law cause of action and "[g]iven the additional resources and expense that the proposed amendment would impose on the parties, a continuance cannot cure the prejudice that the amendment would cause." *See Ruiz v. Univ. of Tex. M.D. Anderson Ctr.,* 291 F.R.D. 170, 171-72 (S.D.Tex. 2013) (finding incurable prejudice because the amendment would require reconsideration of case strategy and additional motions and responses). The court should deny the Delgadillos' motion for leave to join CFS since the good cause factors have not been met.

### 2.      No good cause for failing to amend the petition by August 18, 2023

As discussed above, the Delgadillos sue, post-foreclosure-mid-eviction, alleging Carrington and BofA mishandled loss mitigation efforts prior to a December 6, 2022 foreclosure sale. (Proposed am. pet., ECF No. 12-1.) Notably, despite their attempts to convince the county court at law that this suit is a "title lawsuit," which cannot be separated from the judgment of

possession, the Delgadillos do not allege any causes of action related to the handling or outright validity of the foreclosure sale itself. (*Id.;* June 6, 2023 plea, ex. 4 at B.) Nowhere in their motion do the Delgadillos explain why they did not amend their petition against Carrington and BofA prior to August 18, 2023. Instead, the Delgadillos sidestep this burden and argue these new allegations are important simply because they realized the original allegations are unsubstantiated. (Mot., ECF No. 12.)

The three new causes of action: promissory estoppel, breach of contract, and a RESPA violation, all relate to a March 2022 loan modification, which was never implemented. (Proposed am. pet., ECF No. 12-1 at ex. 4.) While the documents attached to the proposed amended complaint purportedly supporting these claims were included in Carrington and BofA's initial 282 pages of disclosures, delivered to the Delgadillos on July 27, 2023, they are documents the Delgadillos reasonably were aware of and likely had in their possession prior to the filing of the original petition. Their signatures are even affixed to the loan modification document. (*Id.*) To the extent the Delgadillos claim the initial disclosures provided new evidence, they still had 22 days before the scheduled deadline to amend pleadings. Instead they waited until September 5th to file their motion for leave. (Mot., ECF No. 12.) The Delgadillos do not explain why they failed to assert these "new theories of recovery" by the agreed deadline set by the parties and this court— a noteworthy omission given all new allegations base on events and evidence which were available at the time of the original filing and prior to the amended pleading and joinder deadlines. (*See generally,* Mot., ECF No. 12.) The Delgadillos were aware, or through the exercise of due diligence should have been aware, of the above information prior to the expiration of the amendment deadline.

**BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING**                      **Page 9 of 17**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY**
Case 4:23-cv-1467; *Trinidad Delgadillo et al. v. Bank of America, N.A. et al.*

Regarding the importance of the amendment, the Delgadillos assert amending is necessary because the prior causes of action are no longer viable. (Mot., ECF No. 12 at p. 2.) When the factual circumstances remain unchanged, prosecuting non-viable causes of action weighs in favor of dismissal, not amendment. As to the last two factors, Carrington and BofA conducted a diligent review of the records to provide the initial disclosure to demonstrate to the Delgadillos the foreclosure sale was conducted without error—incidentally, these disclosures consisted of documents the Delgadillos had or should have had. Carrington and BofA now would be prejudiced by having to expend time and financial resources filing dispositive motions addressing the new claims in the proposed amended petition and the new affirmative defenses in the proposed amended answer. This prejudice would not be cured by a continuance.[3]

## C.     The Delgadillos cannot plausibly allege a violation of TEX. GOV'T CODE § 83.001

Even if good cause is established, an amended pleading and joinder of a party to a complaint is deemed futile if the new cause of action would not withstand the criteria of rule 12(b)(6). *McGee,* 680 F. App'x at 291. The Delgadillos seek leave to amend their complaint to join CFS as a defendant to add a violation of the Texas Government Code section 83.001. (Mot., ECF No. 12 at p. 3). They claim CFS allegedly received payment, fees or other type of compensation for preparing the notice of sale and the substitute trustee's deed at the time BofA made a credit bid on the property at the December 6, 2022 foreclosure sale. (Proposed am. pet., ECF No. 12-1 at ¶¶20-24.)

It is a violation of chapter 83 for a person to "charge or receive, either directly or indirectly, any compensation for all or any part of the preparation of a legal instrument affecting title to real property, including a deed, deed of trust, note, mortgage, and transfer or release of a lien." Tex.

---

[3] Additionally, BofA is further prejudiced as the Delgadillos leveraged this suit to stay the eviction action pending in the Harris County Court under cause number 1202595. (Rule 11 Agreement, ex. 1.)

Gov't Code § 83.001(a). <u>A person who pays a fee</u> for the violation of chapter 83, "may bring suit for and is entitled to: (1) recovery of the fee paid; (2) damages equal to three times the fee paid; and (3) court costs and reasonable and necessary attorney's fees." *Id.* at § 83.005.

  1.  **The notice of sale is not a legal instrument affecting title to real property.**

  Assuming the unsupported allegation the Delgadillos paid a fee to CFS to prepare the notice of sale is true, their claim fails as a matter of law since a notice of sale does not fall within the scope of the statute. In construing a statute, the court's primary objective is to ascertain and give effect to the legislature's intent. *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). This is accomplished by looking to the statute's plain and common meaning and presuming that the legislature intended the plain meaning of its words. *Id.* If the court can determine the legislature's intent from the language it used in the statute, it should not look to extraneous matters for an intent the statute does not state. *Id.* "[B]ecause we presume that every word of a statute has been included or excluded for a reason, we will not insert requirements that are not provided by law." *Old Am. Cty. Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004). Texas Government Code section 83.001 plainly states the prohibition applies to "the preparation of a legal instrument affecting title to real property, including a deed, deed of trust, note, mortgage, and transfer or release of lien." Tex. Gov't Code § 83.001(a).

  A plain reading of the statute shows the legislature's intent to apply to legal instruments such as deeds of trust, notes, mortgages, and transfers and releases of lien—but notably it does not include notice of substitute trustee's sale as one of these legal instruments. That is because the notice of sale does not affect title to real property but rather sets out the contractual consequences of a defaulting event as laid out in the deed of trust. A notice of sale is exactly what it says it is— a notice—and the Delgadillos have not cited any case law supporting the extension of the statute

**BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING**        **Page 11 of 17**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY**
Case 4:23-cv-1467; *Trinidad Delgadillo et al. v. Bank of America, N.A. et al.*

to a notice of sale. Unlike the other documents identified in the code, a notice of sale does not convey title, encumber property, or release liens, and has no effect on title to real property.  Since the notice of sale is not a document subject to section 83.001(a), the Delgadillos' amended petition asserting this claim is futile.

### 2. The Delgadillos do not have standing to bring a § 83.001 claim

The only person who can bring suit and assert a private right of action under 83.005, for a violation for section 83.001(a), is a person who pays a fee. Because this statute only allows "a person" who pays a fee the ability to sue under the chapter, it is distinguishable from statutes that allow "any person." *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 572-74, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992) (holding that provision in Endangered Species Act allowing any person to bring a lawsuit to enforce compliance with procedural requirements could not vest standing in plaintiff who had not suffered an injury). In support of this necessary element, the Delgadillos allege CFS received payment, fees, or other type of compensation for preparing the notice of sale and the substitute trustee's deed at the time BofA made a credit bid on the property at the December 6, 2022, foreclosure sale. (Proposed am. pet., ECF No. 12-1 at ¶¶20-24.) The Delgadillos further allege "it was paid out of Plaintiff's equity they held in the property." (*Id*. at ¶24.)

However, the facts even if taken as true, would not establish the required element to assert this claim since the credit bid at the time of the sale necessarily could not include preparation of the substitute trustee's deed since a sale had yet to occur.  The substitute trustee's deed is dated December 7, 2022—one day after the foreclosure sale. (Proposed am. pet., ECF No. 12-1 at ex. 6.) The credit bid at the sale includes the unpaid principal and interest of the mortgage debt, together with the costs, fees and other corporate expenses, but it could not include a fee for preparation of a deed since a sale would first need to occur.  Even if the court presumed CFS

charged a fee in advance to prepare the substitute trustee's deed, since the property sold for total debt at the time of the sale there is no equity from which to deduct this future charge. Thus, they cannot use the deduction from equity to establish standing under this statute since no equity exists from which to debit the cost. The Delgadillos provide no additional facts for the court to rely on to hold they paid a fee for a document which did not exist at the time of the sale.

### D. The Delgadillos' promissory estoppel claim would fail as a matter of law

To state a claim for promissory estoppel, a plaintiff must allege: (1) that the defendant made a promise; (2) that the defendant should have foreseen that the plaintiff would rely on the promise; (3) that the plaintiff did, in fact, act in reliance on the promise to his detriment; and (4) that injustice can only be avoided by enforcing the promise. *See Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997). With regard to the loan modification agreement, the statute of frauds applies. Texas Business and Commerce Code § 26.02(b) provides: "A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." As clear on exhibit 4 attached to the proposed amended petition, neither Carrington nor BofA signed the March 2022 modification agreement. The statute of frauds bars enforcement because the agreement was never signed. (Proposed am. pet., ECF No. 12-1 at ex. 4.) Courts have often found loan modification agreements unenforceable under the statute of frauds. *See, e.g., Gordon v. JP Morgan Chase Bank*, 505 F. App'x 361, 364-65 (5th Cir. 2013) (per curiam); *Watson v. Citimortgage, Inc.,* 814 F. Supp. 2d 726, 732- 33 (E.D. Tex. 2011).

When an agreement is otherwise unenforceable under the statute of frauds, a plaintiff must argue promissory estoppel allows the enforcement of the agreement because: "(1) the promisor made a promise that he should have expected would lead the promisee to some definite and

**BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING**        **Page 13 of 17**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY**
Case 4:23-cv-1467; *Trinidad Delgadillo et al. v. Bank of America, N.A. et al.*

substantial injury; (2) such an injury occurred; and (3) the court must enforce the promise to avoid the injury." *Exxon Corp. v. Breezevale Ltd*., 82 S.W.3d 429, 438 (Tex. App.—Dallas 2002, pet. denied) (citing *Nagle v. Nagle*, 633 S.W.2d 796, 800 (Tex. 1982)). When asserting promissory estoppel as an exception to the statute of frauds, "there must have been <u>a promise to sign a written contract</u> which had been prepared and which would satisfy the requirements of the statute of frauds." *Martins v. BAC Home Loans Servicing, L.P*., 722 F.3d 249, 256-57 (5th Cir. 2013) (quoting *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App.—Houston [14th Dist.] 1992, writ denied)).

While the court could find that the March 2022 modification agreement is a writing that would satisfy the statute of frauds, the Delgadillos do not allege any facts which would support the finding that Carrington promised the Delgadillos it would unconditionally sign the modification. If that were the case, then Carrington could sign the agreement before even sending it to the Delgadillos. Instead the Delgadillos make a conclusory claim that Carrington made a promise in writing to them to modify the loan by sending them the March 2022 loan modification agreement. (Proposed am. pet., ECF No. 12-1 at ¶26.) Even if the court took the loan modification as a written promise to modify the loan, the Delgadillos' claim fails because they do not plead any facts which support an allegation that there was actual, substantial, and reasonable reliance by the Delgadillos or that there was a definite and substantial injury caused by the promise.

Reliance is substantial only if the plaintiff shows that but for the promise, it would not have acted or refrained from acting. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). The loan modification agreement was sent out in March 2022—the foreclosure sale did not take place until December 6, 2022—eight months later. The Delgadillos admit Carrington denied the March 2022

loan modification[4] and after the denial they continued to request mortgage assistance. (Proposed am. pet., ECF No. 12-1 at ¶13.) The Delgadillos do not allege any acts they took or didn't take, or any facts which support reasonable reliance on the modification because they were made aware, and knew, it was not implemented. (*Id.*) It is unclear how the Delgadillos could reasonably rely on an alleged promise they knew was not taking place. This amended claim is futile and does not support the Delgadillos' motion to amend.

## E. The Delgadillos would fail to plead a viable breach of contract claim

To state a breach of contract claim under Texas law, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn Credit I, L.P. v. TF Loan Co III, L.L.C.*, 903 F.3d 493, 499-500 (5th Cir. 2018) (internal quotations omitted). The Delgadillos allege BofA through Carrington breached the deed of trust by violating RESPA. (Proposed am. pet., ECF No. 12-1 at ¶¶32-43.)

The Delgadillos do not identify a specific provision breached, an essential element necessary for a breach of contract claim, but generally reference the deed of trust and the lender's intent to be governed by federal law as support for this allegation. (Proposed am. pet., ECF No. 12-1 at ¶33.) As described below in section F, Carrington has not violated RESPA. Even if there were a RESPA violation, which Carrington and BofA deny, the deed of trust does not incorporate RESPA's provisions. *See Smith v. JPMorgan Chase Bank, N.A.*, 519 F. App'x 861, 864 (5th Cir. 2013). The Fifth Circuit has addressed this issue and concluded that general references in the note or deed of trust to "federal law" are insufficient to incorporate RESPA for purposes of a breach of

---

[4] The March 2022 modification agreement was not countersigned because the Delgadillos failed to return a full conforming original of the agreement. The coversheet showing this issue was left off of the Delgadillos' exhibit 3, but it was disclosed as Carrington 0247.

BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING      Page 15 of 17
PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY
Case 4:23-cv-1467; *Trinidad Delgadillo et al. v. Bank of America, N.A. et al.*

contract claim. *Smith v*, 519 F. App'x at 864. The Delgadillos would not state a plausible breach of contract claim premised on RESPA violations.  Amending this claim would be futile.

**F.     The Delgadillos' RESPA claim would fail as a matter of law**

As an alternative to the promissory estoppel and breach of contract claim, the Delgadillos allege, "Carrington violated RESPA (12 U.S.C. § 2601 *et seq.*) and its implementing rules known as Regulation X (12 C.F.R. § 1024.41)." (Proposed am. pet., ECF No. 12-1 at ¶¶44-50.) This claim fails as a matter of law because as the Delgadillos point out in the fact section of the proposed amended petition, the March 2022 loss mitigation process and proposed modification was not the first modification agreement offered to the Delgadillos—they previously executed a modification agreement dated July 20, 2020.  (Proposed am. pet., ECF No. 12-1 at ex. 3.)

Pursuant to 12  C.F.R. § 1024.41(i), a loan servicer is not required to comply with RESPA's loss mitigation application procedures if (1) "the servicer has previously complied with the requirements of" the relevant RESPA provisions and (2) "the borrower has been delinquent at all times since submitting the prior complete application." *See also, Ward v. Carrington Mortg. Servs. LLC*, No. 3:19-CV-2862-M-BK, 2021 U.S. Dist. LEXIS 44521, at *5 (N.D. Tex. 2021) (dismissing plaintiff's RESPA claim since two prongs of 1024.41(i) were met.). The Delgadillos do not allege any facts which would allow the court to find that following the July 2020 modification they were not delinquent on the loan.  And, it is uncontested that the March 2022 modification was not the first time Carrington complied with all relevant RESPA provision since they attach a copy of the July 2020 modification agreement as exhibit 3. (Proposed am. pet., ECF No. 12-1 at ex. 3.) Since the Delgadillos' RESPA claim fails as a matter of law the amended claim is futile.

## CONCLUSION AND PRAYER

Carrington and BofA request the court deny the motion for leave to amend and join an additional party and further pray the court grant them all other and further relief, at law or in equity, to which they may be justly entitled.

Date: September 25, 2023

Respectfully submitted,

_/s/ C. Charles Townsend_
C. Charles Townsend
SBN: 24028053, FBN: 1018722
ctownsend@hinshawlaw.com
 --_Attorney in Charge_
Jessica A. Riley
SBN: 24102416, FBN: 3552754
jriley@hinshawlaw.com
HINSHAW & CULBERTSON, LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
telephone: 945-229-6380
facsimile: 312-704-3001

**ATTORNEYS FOR BANK OF AMERICA, N.A., AND CARRINGTON MORTGAGE SERVICES, LLC**

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on September 25, 2023 as follows:

**VIA**
Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2500 E. TC Jester Blvd, Suite 285
Houston, TX 77008
jeff@jjacksonllp.com

_Counsel for plaintiffs_

_/s/ C. Charles Townsend_
C. Charles Townsed

**BANK OF AMERICA, N.A. AND CARRINGTON'S BRIEF OPPOSING**      **Page 17 of 17**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND JOIN AN ADDITIONAL PARTY**
Case 4:23-cv-1467; _Trinidad Delgadillo et al. v. Bank of America, N.A. et al._